```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| NATARAJAN VENKATARAM, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 11-0789 (JBS/KMW) |
| v. | |
| CITY OF NEW YORK, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, Chief Judge:

   This matter is before the Court on this Court's Order to Show Cause on or before April 21, 2012 why this case should not be dismissed under Rule 4(m), Fed. R. Civ. P., for failure to timely serve Defendants.  THE COURT FINDS AS FOLLOWS:

   1.  Plaintiff filed the present Complaint on February 14, 2011, paid the $350 filing fee, but nonetheless asked the Court to serve it.  On September 29, 2011, the Court entered an Order explaining that the Court would not serve Plaintiff's Complaint, but permitting Plaintiff to seek appointment of a private process server pursuant to Rule 4(c)(3) at his expense, and extending the time for service of process to 120 days from the date of that Order.  Thus, the extended deadline for Plaintiff to complete service of process under Rule 4(m), Fed. R. Civ. P., was January 28, 2012, nearly twelve months after Plaintiff had filed his Complaint.

2. On November 2, 2011, Plaintiff identified a private server, and sought the issuance of eight summonses for service by that individual. At this time, Plaintiff also moved for a retroactive extension of time for Plaintiff to identify his process server, since that deadline had elapsed. Without addressing this motion, the Court issued the summons as requested in November. On January 11, 2012, out of concern over the lack of service or correspondence, the Court again sent to Plaintiff blank summons to be filled out for issuance pursuant to Rule 4(b), Fed. R. Civ. P.

3. On February 14, 2012, after the expiration of the service deadline, Plaintiff finally submitted the eight summons for issuance, which the Clerk of Court issued on the same day. Plaintiff did not submit any request for extension at that time, and nothing further was filed upon the docket until this Court's March Order.

4. On March 29, 2012, the Court entered an Order to Show Cause why this case should not be dismissed under Rule 4(m), Fed. R. Civ. P., because the January deadline had long elapsed without any word from Plaintiff. In response, Plaintiff represents that his private server "became unavailable" so he had to find an alternative, which was difficult because he is incarcerated. He retained a private server in February 2012, presumably around the time he finally filled out the blank summons, and eventually

served Defendants on March 27, 2012.  Plaintiff represents that he did not receive proof of service until April 11, 2012, after this Court's Order to Show Cause.

    5.  Under Rule 6(a)(B) of the Federal Rules of Civil Procedure, Plaintiff's showing for why he did not effect service before the deadline or otherwise seek an extension is insufficient.  Rule 6(a)(B) provides that "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Rule 6(a)(B), Fed. R. Civ. P.; see also Lujan v. National Wildlife Federation, 497 U.S. 871, 896 (1990) (enforcing literal text of the rule).  Plaintiff has not demonstrated good cause, much less excusable neglect.

    6.  Here, the time for service expired on January 28, 2012. Plaintiff's response offers no explanation for why it took Plaintiff months to obtain an alternate server, and why he did not seek a further extension of the deadline for service in this long period.  Plaintiff had received the benefit of a greatly enlarged deadline, and Plaintiff was aware of the January deadline, as unlike most cases, the Court had specifically informed Plaintiff of the deadline after the first extension.  In light of Plaintiff's failure to even write a simple letter to the Court explaining the delay either before or after the deadline

elapsed, the Court can only find a complete lack of diligence in pursuing these claims.  See Consol. Freightways Corp. v. Lawson, 837 F.2d 916, 912–20 (3d Cir. 1987) (discussing the meaning of excusable neglect).

7.   The basis of the present action is a civil RICO claim, for which the statute of limitations is four years, see Agency Holding Corp. v. Malley-Duff & Associates, Inc., 483 U.S. 143, 156 (1987), and various 42 U.S.C. § 1983 claims, for which the statute of limitations depends on the applicable state law, but appears to be either two or three years in this case.  Plaintiff complains of conduct occurring in mid-2010, so it does not appear that dismissal of this case presently bars all future litigation.

8.   It is an unfortunate fact of litigating from prison that serving and filing court documents is difficult, and as a consequence this Court provides prisoner litigants with substantial leeway, as was done in this case with the initial extension of the deadline for service because of Plaintiff's misguided request for the Court to effect service.  Although Plaintiff is not indigent, and thus does not proceed under 28 U.S.C. § 1915, the Court nonetheless explicitly advised Plaintiff of his obligations to prosecute his complaint by serving process through an adult server of his own choice.  It is incumbent upon prisoner litigants, like all other litigants, to act without undue delay and to timely inform the Court of any unavoidable

delays before deadlines elapse.  Despite the Court having extended Plaintiff every reasonable opportunity to do so, Plaintiff has not done these things.  Dismissal without prejudice is therefore warranted under Rule 4(m), Fed. R. Civ. P.  The accompanying Order will be entered.

**May 14, 2012**                                      **s/ Jerome B. Simandle**
Date                                                    JEROME B. SIMANDLE
                                                         Chief U.S. District Judge